UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles Sampson, ) | Civil Action No.: 4:16-cv-02821-RBH |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Latta Police Department, SLED, and ) Dillon County Sheriff's Office, ) | |
| Defendants. ) | |

Plaintiff Charles Sampson, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the three above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina.[1] *See* R & R, ECF No. 11. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice. R & R at 6. Plaintiff has filed objections to the R & R. *See* ECF No. 13.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**[2]

In his complaint, Plaintiff alleges his home in Latta, South Carolina, was illegally searched by the Latta Police Department, the South Carolina Law Enforcement Division ("SLED"), and the Dillon County Sheriff's Office (collectively, "Defendants" or "the originally named defendants"). *See* ECF No. 1 at 5. Plaintiff elaborates on this allegation in a supplemental pleading attached to his complaint, asserting the allegedly illegal search occurred on June 5, 2014.[3] *See* ECF No. 1-1 at 1, 9. Plaintiff seeks monetary damages for the alleged violation of his federal constitutional rights. ECF No. 1 at 5. The Magistrate Judge recommends summarily dismissing this action because Plaintiff has failed to name

---

[2]   The Magistrate Judge's R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

[3]   As the Magistrate Judge notes, this supplemental pleading is identical to one filed by a pro se plaintiff in the related case of *Page v. State of South Carolina et al.*, Civ. Action No. 4:16-cv-02820-RBH-KDW. R & R at 1. The Magistrate Judge properly disregarded the supplemental pleading except to the extent it was necessary to understand the factual underpinnings of Plaintiff's claim.

2

a defendant that may properly be sued based upon the allegations in his complaint.[4]  R & R at 3-6.

In his objections, Plaintiff does not challenge the Magistrate Judge's finding that he cannot maintain claims against the three named Defendants.  Having found no clear error in the R & R, the Court agrees with the Magistrate Judge that these Defendants should be dismissed from this action.  *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Plaintiff does, however, make the following statement in his objections: "My defendants are Derrick Cartwright Latta Police Department, Andy Bethea Sled[,] and Troy Jones Dillon County Sheriff Officer."  ECF No. 13.  Similarly, in the case caption for his objections, Plaintiff lists Cartwright, Bethea, and Jones as the named defendants.  *See* ECF No. 13.  The Court construes Plaintiff's objections as a motion to amend his complaint to substitute the newly named defendants for the originally named defendants.  *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed pro se is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

"The [C]ourt should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).[5]  "[A] request to amend should only be denied if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or

---

[4]  Specifically, the Magistrate Judge found that SLED and the Dillon County Sheriff's Office are entitled to Eleventh Amendment Immunity, and that the Latta Police Department is not a person subject to liability under 42 U.S.C. § 1983.  R & R at 3-5.

[5]  Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading requires a responsive pleading, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Rule 15(a)(2) states that for all other amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Here, the complaint has not been served and no responsive pleadings or motions have been filed, so Rule 15(a)(2) applies.  No opposing party has consented to the amendment, so leave of court is required.

3

amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (internal quotation marks omitted). "[L]eave to amend shall be freely given when justice so requires; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999) (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the supplemental pleading filed with his complaint, Plaintiff makes several factual allegations relating to the three defendants—Cartwright, Bethea, and Jones—that he names in his objections/motion to amend. *See* ECF No. 1-1. For example, Plaintiff alleges that Cartwright (an acting interim police chief) authorized the warrantless search of his home, and indicates Bethea (a SLED special agent) and Jones (a deputy sheriff[6]) participated in the illegal search. *See id.* at 1, 9. Additionally, on his complaint form, Plaintiff indicates he wishes to sue these defendants—underneath each named defendant, he also writes "acting chief," "special agent," and "Dillon County Sheriffs." *See* ECF No. 1 at 2-3.

The Court finds that Plaintiff's proposed amendment would not be prejudicial because no opposing party has been served, and that there is no indication of bad faith on Plaintiff's part. Moreover, amendment does not readily appear to be futile as to Cartwright, Bethea, or Jones. Therefore, out of an abundance of caution, **the Court will grant Plaintiff's motion to amend and permit him to substitute <u>Cartwright, Bethea, and Jones</u> as the named defendants in this case.** The Court will recommit this case to the Magistrate Judge for further screening of Plaintiff's complaint and supplemental pleading in light of Plaintiff's newly named defendants. *See* 28 U.S.C. § 636(b)(1); Fed.

---

[6]     In his objections/motion to amend, Plaintiff identifies Jones as "Troy Jones Dillon County Sheriff Officer." *See* ECF No. 13. The supplemental pleading indicates Jones is a deputy sheriff holding the rank of sergeant. ECF No. 1-1 at 2, 4.

R. Civ. P. 72; Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

### Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint and supplemental pleading, the R & R, and Plaintiff's objections/motion to amend. *See* ECF Nos. 1, 11, & 13. The Court hereby adopts and incorporates the R & R [ECF No. 11] by reference and **DISMISSES** the Latta Police Department, SLED, and the Dillon County Sheriff's Office from this action *without prejudice and without issuance and service of process*. The Court **GRANTS** Plaintiff's motion to amend [ECF No. 13] and **DIRECTS** the Clerk of Court to **SUBSTITUTE** Derrick Cartwright, Andy Bethea, and Troy Jones as the named defendants in this case. The Court **RECOMMITS** this matter to the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED.**

Florence, South Carolina  
January 12, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge