UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Charles Sampson, | ) | Civil Action No.: 4:16-cv-02821-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Derrick Cartwright, Andy Bethea, | ) | |
| and Troy Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Charles Sampson, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends denying Plaintiff's motion for summary judgment, granting Defendant Cartwright's and Defendant Jones' motions for summary judgment, and dismissing them from this case.[1] *See* ECF No. 93.

## Legal Standards

**I.     Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). This case is related to *Page v. Cartwright*, No. 4:16-cv-02820-RBH-KDW (D.S.C.).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

2

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### Discussion[2]

Plaintiff brings this § 1983 action against Defendants Derrick Cartwright, Andy Bethea, and Troy Jones claiming his home was illegally searched while police officers were searching for his son Levonda Page, the suspect of a recent shooting.[3] Defendants Cartwright and Jones have answered and

---

[2] The R & R thoroughly details the factual and procedural background of this case, as well as the applicable legal standards. As the Magistrate Judge notes, Plaintiff originally sued the Latta Police Department, the South Carolina Law Enforcement Division, and the Dillon County Sheriff's Office. *See* R & R at p. 2. The Court dismissed these defendants and allowed Plaintiff to amend his complaint to substitute Cartwright, Bethea, and Jones as the named defendants in this case. *See* ECF No. 16.

[3] The facts relating to Mr. Page are thoroughly summarized in the Court's order in *Page v. Cartwright*, No. 4:16-cv-02820-RBH-KDW (D.S.C.), which is being entered at the same time as this Order.

filed motions for summary judgment, and Plaintiff has filed his own motion for summary judgment.[4] *See* ECF Nos. 69, 71, & 72. The Magistrate Judge has entered an R & R recommending that the Court deny Plaintiff's motion, grant Defendant Cartwright's and Defendant Jones' motions, and dismiss these two defendants from this case. *See* ECF No. 93. Notably, the Magistrate Judge attached a "Notice of Right to File Objections to Report and Recommendation" informing Plaintiff that "[o]bjections must specifically identify the portions of the Report and Recommendation to which objections are made ***and the basis for such objections***." ECF No. 93-1 (emphasis added).

Within the time for filing objections,[5] Plaintiff filed a document entitled "Response to Report and Recommendation," the majority of which is simply a copy of various portions of the R & R. *See* ECF No. 95. The Court reiterates that in the absence of a specific objection, it need only review for clear error and need not explain its reasons for adopting the Magistrate Judge's proposed findings and recommendations. *See Orpiano*, 687 F.2d at 47; *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200.

However, in his Response, Plaintiff does make several statements of his own that could be liberally construed as specific objections. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed pro se is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Plaintiff states:

- "[A] photographic line-up is not probabl[e] cause by being identified by someone who knew my son. Furthermore, street informant are not witness to the crimes that my son is accuse[d] for. 5th Amendment prohibits abuse of governmental authority in legal procedures, establishes rules for indictment by eminent domain and grand jury.

---

[4] Defendant Bethea was served at a later time and filed an answer on October 19, 2017, *see* ECF Nos. 89 & 90, but he has not yet filed a dispositive motion.

[5] Defendants Cartwright and Jones did not file objections to the R & R.

4

> Guarantees the due process right." ECF No. 95 at p. 2.
> - "Undisputed evidence my name **not** on a signal [*sic*] piece of legal documentation alleged me of a crime that I committed. Why should I be liable for the acts of others, and have my constitutional rights violated, then. It's well settle[d] law."
> - "In this case, two search warrants were not issued for properties located at 508 South Park and 536 South Park in Latta, S.C."

ECF No. 95 at pp. 2–3.[6] Based on these statements, Plaintiff appears to dispute the Magistrate Judge's conclusion that officers' search of his home did not violate the Fourth Amendment. *See* R & R at pp. 5–10. However, based upon a de novo review of the record, the Court agrees with the Magistrate Judge's conclusion that no Fourth Amendment violation occurred.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The requirement for particularity "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The particularity requirement is satisfied when an officer in possession of a search warrant describing a particular place to be searched can reasonably ascertain and identify the intended place to be searched. *United States v. Owens*, 848 F.2d 462, 463 (4th Cir. 1988) (citing *Steele v. United States*, 267 U.S. 498, 503 (1925)). Even if the description of the place to be searched is mistaken, there is no Fourth Amendment violation when the officers executing the search reasonably believe that the warrant is sufficiently particular and that they are searching the correct location. *Garrison*, 480 U.S.

---

[6] Plaintiff also states: "I filed a motion for summary judgment. Therein, I asked the Court to uphold the constitutional rights that every United States citizen entitled to protection of the state; an inhabitant." ECF No. 95 at p. 4. This general statement does not point to any error in the R & R. Additionally, to the extent Plaintiff challenges the lawfulness of his son's arrest, he lacks standing to do so. *See United States v. Wilford*, 961 F. Supp. 2d 740, 757 (D. Md. 2013) ("[A] defendant may only challenge a Fourth Amendment violation to the extent that his personal Fourth Amendment rights were violated."), *aff'd*, 689 F. App'x 727 (4th Cir. 2017).

5

at 84–89; *United States v. Blackwood*, 913 F.2d 139, 141 n.1 (4th Cir. 1990). An erroneous description or a factual mistake in the search warrant will not necessarily invalidate the warrant and the subsequent search. *Owens*, 848 F.2d at 463–64.

Here, the undisputed evidence[7] shows Defendant Cartwright of the Latta Police Department obtained three arrest warrants for Plaintiff's son, Levonda Jermaine Page, who the victim (Lou Allen) had positively identified (via a photographic lineup and signed statement) as the person who shot him.[8] The arrest warrants (for attempted murder and two firearm charges) were issued by a Latta municipal judge and certified by a magistrate judge for service in Dillon County. Significantly, the affidavits supporting the arrest warrants stated Plaintiff shot Allen five times with a 9 mm handgun.

Defendant Cartwright was also searching for the weapon used in the shooting, so he sought search warrants—from the same magistrate judge who had certified the arrest warrants—for both Page's residence and Plaintiff's residence, which Page was known to frequent. Plaintiff's residence was located at **518** South Park in Latta; and Page's residence was located nearby at **536** South Park.

Ultimately, Defendant Cartwright obtained two search warrants for two addresses: **508** South Park and **536** South Park in Latta, South Carolina. The affidavits in support of both warrants state, "REASON FOR AFFIANT'S BELIEF THAT THE PROPERTY SOUGHT IS ON THE SUBJECT PREMISES[:] Levonda Jermaine Page is a fugitive from justice"; list the 508 and 536 South Park addresses; and contain a "DESCRIPTION OF PROPERTY SOUGHT" listing "Levonda Jermaine Page" and "guns." The search warrants were dated and signed on June 5, 2014, and later that day,

---

[7] These facts appear in Plaintiff's complaint and supplemental pleadings, the exhibits submitted in support of Defendant Cartwright's and Jones' motions for summary judgment, and the exhibits submitted in support of Plaintiff's response in opposition. *See* ECF Nos. 1, 1-1, 44, 71-2, 71-3, 71-4, 71-5, 72-2, & 82.

[8] Defendants Cartwright and Bethea (an agent with the South Carolina Enforcement Division) visited Allen in the hospital and obtained the identification from him.

Defendants Cartwright, Bethea, Jones (a Dillon County Sheriff's Deputy), and other officers went to the South Park area to execute the arrest and search warrants. Officers arrested Page and searched both his and Plaintiff's residences; no items were recovered from Plaintiff's residence.

Plaintiff presents two main arguments in his response to the R & R. First, he presents a particularity challenge, arguing the search warrant for his residence was invalid because it listed **508** South Park rather than his actual address of **518** South Park. However, as the Magistrate Judge thoroughly and correctly explains, this technical error did not invalidate the search warrant for Plaintiff's residence. *See* R & R at pp. 5–10 (citing *Blackwood* and *Owens*, *supra*, which involved search warrants that listed incorrect numerical addresses but were nonetheless valid). The Court adopts the Magistrate Judge's discussion without repeating it here.

Second, Plaintiff appears to argue the search warrant for his residence was not supported by probable cause. "Search warrants must be supported by probable cause to satisfy the dictates of the Fourth Amendment." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996). "Probable cause deals with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 241 (1983) (internal quotation marks omitted). "The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate." *Maryland*, 480 U.S. at 85. "The magistrate issuing the search warrant must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit[, that] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Owens ex rel. Owens v. Lott*, 372 F.3d 267, 273 (4th Cir. 2004) (internal quotation marks omitted); *see also State v. Kinloch*, 767 S.E.2d 153, 155 (S.C. 2014) ("A warrant is supported by

7

probable cause if, given the totality of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place."). Here, Defendant Cartwright applied for the search warrant before the same magistrate judge who had certified the arrest warrants for Page; these arrest warrants were for an attempted murder and two firearm charges involving a 9 mm handgun. Additionally, Defendant Cartwright's affidavit in support of the search warrant specified that Page was a fugitive, and that Page and a gun were being sought. This information provided the magistrate judge sufficient information to reasonably conclude there was a fair probability that Page and the gun—"the person [and] thing[] to be seized"—would be found in Plaintiff's residence, "the place to be searched." *See* U.S. Const. amend. IV.

In sum, the Court finds no genuine dispute of material fact exists as to (1) whether the search warrant for Plaintiff's residence was invalid due to the technical error in the numerical address, or (2) whether probable cause supported that search warrant. Moreover, the Court notes Plaintiff does not specifically object to the Magistrate Judge's other conclusions that (1) Defendants Cartwright and Jones are entitled to qualified immunity; (2) Plaintiff has failed to comply with the minimum pleading requirements of Fed. R. Civ. P. 8(a) regarding any other claims (§ 1983 or otherwise) he may have; and (3) Defendant Jones has Eleventh Amendment immunity for claims asserted against him in his official capacity. *See* R & R at pp. 10–15. As for these recommendations, the Court has reviewed the record for clear error and found none. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections). Accordingly, the Court will adopt the R & R and dismiss Plaintiff's claims against Defendants Cartwright and Jones.

## **Conclusion**

For the foregoing reasons, the Court adopts and incorporates by reference Magistrate Judge's

8

the R & R [ECF No. 93]. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment [ECF No. 69], **GRANTS** Defendant Jones' and Defendant Cartwright's motions for summary judgment [ECF Nos. 71 & 72], and **DISMISSES** Defendants Jones and Cartwright from this action *with prejudice*. This case remains pending as to Defendant Bethea.

    **IT IS SO ORDERED.**

Florence, South Carolina                                        s/ R. Bryan Harwell
February 9, 2018                                                 R. Bryan Harwell
                                                                                United States District Judge