UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles Sampson, | Civil Action No.: 4:16-cv-02821-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Andy Bethea, | |
| Defendant. | |

Plaintiff Charles Sampson, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting Defendant Andy Bethea's motion for summary judgment.[1] *See* ECF Nos. 109 & 111.

**Legal Standards**

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). This case is related to *Page v. Bethea*, No. 4:16-cv-02820-RBH (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.     Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the

trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## **Discussion**[2]

Plaintiff brought this § 1983 action against Defendants Derrick Cartwright, Andy Bethea, and Troy Jones claiming his home was illegally searched while police officers were searching for his son Levonda Page, the suspect of a recent shooting.[3] Previously, the Court granted motions for summary judgment filed by Defendants Cartwright and Jones and dismissed them from this action. *See* ECF No.

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. As the Magistrate Judge notes, Plaintiff originally sued the Latta Police Department, the South Carolina Law Enforcement Division, and the Dillon County Sheriff's Office. *See* R & R at p. 2. The Court dismissed these defendants and allowed Plaintiff to amend his complaint to substitute Cartwright, Bethea, and Jones as the named defendants in this case. *See* ECF No. 16.

[3] The facts relating to Mr. Page are thoroughly summarized in the orders entered in the related case. *See Page v. Bethea*, No. 4:16-cv-02820-RBH (D.S.C.).

3

98. Defendant Bethea has now filed a motion for summary judgment,[4] *see* ECF No. 101, and the Magistrate Judge has entered an R & R recommending that the Court grant the motion. *See* ECF No. 109. Plaintiff has filed objections to the R & R. *See* ECF No. 111.[5]

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The requirement for particularity "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The particularity requirement is satisfied when an officer in possession of a search warrant describing a particular place to be searched can reasonably ascertain and identify the intended place to be searched. *United States v. Owens*, 848 F.2d 462, 463 (4th Cir. 1988) (citing *Steele v. United States*, 267 U.S. 498, 503 (1925)). Even if the description of the place to be searched is mistaken, there is no Fourth Amendment violation when the officers executing the search reasonably believe that the warrant is sufficiently particular and that they are searching the correct location. *Garrison*, 480 U.S. at 84–89; *United States v. Blackwood*, 913 F.2d 139, 141 n.1 (4th Cir. 1990). An erroneous description or a factual mistake in the search warrant will not necessarily invalidate the warrant and the subsequent search. *Owens*, 848 F.2d at 463–64.

The evidence in the record establishes the following undisputed facts. Defendant Cartwright of the Latta Police Department obtained three arrest warrants for Plaintiff's son, Levonda Jermaine

---

[4]   Defendant Bethea was served at a later time and filed an answer on October 19, 2017. *See* ECF Nos. 89 & 90.

[5]   Defendant Bethea did not file objections to the R & R or respond to Plaintiff's objections.

4

Page, who the victim (Lou Allen) had positively identified (via a photographic lineup and signed statement) as the person who shot him.[6] The arrest warrants (for attempted murder and two firearm charges) were issued by a Latta municipal judge and certified by a magistrate judge for service in Dillon County. Significantly, the affidavits supporting the arrest warrants stated Plaintiff shot Allen five times with a 9 mm handgun.

Defendant Cartwright was also searching for the weapon used in the shooting, so he sought search warrants—from the same magistrate judge who had certified the arrest warrants—for both Page's residence and Plaintiff's residence, which Page was known to frequent. Plaintiff's residence was located at **518** South Park in Latta; and Page's residence was located nearby at **536** South Park.

Ultimately, Defendant Cartwright obtained two search warrants for two addresses: **508** South Park and **536** South Park in Latta, South Carolina. The affidavits in support of both warrants state, "REASON FOR AFFIANT'S BELIEF THAT THE PROPERTY SOUGHT IS ON THE SUBJECT PREMISES[:] Levonda Jermaine Page is a fugitive from justice"; list the 508 and 536 South Park addresses; and contain a "DESCRIPTION OF PROPERTY SOUGHT" listing "Levonda Jermaine Page" and "guns." The search warrants were dated and signed on June 5, 2014, and later that day, Defendants Cartwright, Bethea, Jones (a Dillon County Sheriff's Deputy), and other officers went to the South Park area to execute the arrest and search warrants. Officers arrested Page and searched both his and Plaintiff's residences; no items were recovered from Plaintiff's residence.

In his objections, Plaintiff appears to argue the search warrant for his residence was invalid because it listed **508** South Park rather than his actual address of **518** South Park. However, as the

---

[6]  Defendants Cartwright and Bethea (an agent with the South Carolina Enforcement Division) visited Allen in the hospital and obtained the identification from him. Plaintiff indicates Allen "knew me and my son for over 20 yrs.," ECF No. 111 at p. 1, and his complaint describes their personal history. *See* ECF No. 1-1 at pp. 3, 7–8.

5

Magistrate Judge thoroughly and correctly explains, this technical error did not invalidate the search warrant for Plaintiff's residence. *See* R & R at pp. 5–10 (citing *Blackwood* and *Owens*, *supra*, which involved search warrants that listed incorrect numerical addresses but were nonetheless valid). The Court adopts the Magistrate Judge's discussion without fully repeating it here.

Second, Plaintiff appears to argue the search warrant for his residence was not supported by probable cause. "Search warrants must be supported by probable cause to satisfy the dictates of the Fourth Amendment." *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996). "Probable cause deals with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 241 (1983) (internal quotation marks omitted). "The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate." *Garrison*, 480 U.S. at 85. "The magistrate issuing the search warrant must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit[, that] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Owens ex rel. Owens v. Lott*, 372 F.3d 267, 273 (4th Cir. 2004) (internal quotation marks omitted); *see also State v. Kinloch*, 767 S.E.2d 153, 155 (S.C. 2014) ("A warrant is supported by probable cause if, given the totality of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place."). Here, Defendant Cartwright applied for the search warrant before the same magistrate judge who had certified the arrest warrants for Page; these arrest warrants were for an attempted murder and two firearm charges involving a 9 mm handgun. Additionally, Defendant Cartwright's affidavit in support of the search warrant specified that Page was a fugitive, and that Page and a gun were being sought. This information

provided the magistrate judge sufficient information to reasonably conclude there was a fair probability that Page and the gun—"the person [and] thing[] to be seized"—would be found in Plaintiff's residence, "the place to be searched." *See* U.S. Const. amend. IV.

In sum, the Court finds no genuine dispute of material fact exists as to (1) whether the search warrant for Plaintiff's residence was invalid due to the technical error in the numerical address, or (2) whether probable cause supported that search warrant. Moreover, the Court agrees with the Magistrate Judge that Defendant Bethea is alternatively entitled to qualified immunity.[7] *See* R & R at pp. 10–11. Accordingly, the Court will adopt the R & R and grant Defendant Bethea's motion for summary judgment.[8]

**Conclusion**

For the foregoing reasons, the Court adopts and incorporates by reference Magistrate Judge's the R & R [ECF No. 109]. Accordingly, the Court **GRANTS** Defendant Bethea's motion for summary judgment [ECF No. 101] and **DISMISSES** this action *with prejudice*.

---

[7] Even assuming *arguendo* that the search warrant was lacking in probable cause, Defendant Bethea is entitled to qualified immunity because his actions were objectively reasonable. *See Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000) (discussing qualified immunity and explaining that "where a law enforcement officer acts pursuant to a warrant, the critical question is whether the officer could have *reasonably* thought there was probable cause to seek the warrant"). The Magistrate Judge thoroughly and correctly discusses Defendant Bethea's entitlement to qualified immunity. *See* R & R at pp. 10–11. Also, as Defendant Bethea argues in his summary judgment motion and explains in his affidavit, he had no personal involvement in securing the search warrant from the state magistrate judge. *See* ECF No. 101 at pp. 3, 9; ECF No. 101-2 at ¶¶ 11–13.

[8] Although not specifically addressed by Defendant Bethea or the Magistrate Judge, the Court notes that to the extent Plaintiff sues Defendant Bethea (a SLED employee) in his official capacity for damages, any such claim is subject to summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) because "[t]he Eleventh Amendment bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983." *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 278 (4th Cir. 2016); *see* 28 U.S.C. §1915(e)(2)(B)(iii) (providing that in a proceeding in forma pauperis, "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief" (emphasis added)); S.C. Code Ann. § 23–3–10 (establishing SLED as a state agency); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. . . . [N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." (internal citation omitted)).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
August 15, 2018  R. Bryan Harwell
 United States District Judge